**COMMUNITY SERVICE GROUP, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PEIFFER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 2009.

Decided May 5, 2009.

Reargument En Banc Denied June 25, 2009.

Publication Ordered July 30, 2009.

Leah M. Lewis, Harrisburg, for petitioner.

George Martin, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Community Service Group (Employer) appeals the decision of the Workers' Compensation Appeal Board (Board) which affirmed the order of the Workers' Compensation Judge (CJ) granting Employer's modification petition and awarding concurrent payment of specific loss benefits and ongoing partial disability benefits to Sandra Peiffer (Claimant). The issue on appeal is whether a disfigurement caused by medical treatment for the work-related injury is a separate and distinct injury allowing for the concurrent payment of benefits. Because those types of injuries are not separate and distinct from the original work-related injury, we reverse.

In January 2002, Claimant sustained a work injury which Employer accepted as compensable and was characterized as strains/sprains to her arms, neck, knees and low back, as well as a temporary exacerbation of a pre-existing neck fusion through a notice of compensation payable. The parties then entered into a series of supplemental agreements. In April 2005, an agreement identifying the injury as a neck sprain/strain resolved a disfigurement claim made by Claimant, and Employer agreed to pay 57.5 weeks of specific loss benefits when Claimant ceased receiving total disability benefits. In January 2006, another agreement identified the injury as a cervical fusion and reinstated full benefits. In January 2007, Employer filed a modification petition in which it sought to modify Claimant's benefit status to temporary partial disability.

Before the WCJ, Employer offered the deposition testimony of Lance Yarus, D.O. (Dr. Yarus), certified in orthopedic surgery. He testified that Claimant had injured her neck and low back in 2002 while attempting to restrain a mentally challenged individual under her care. His physical examination revealed that Claimant had tenderness in the maxillary sinus area, dermatomal pattern deficits at the C5–C6 right and left vertebrae, and that she had extreme range of motion deficits in her cervical spine. Based on his review of x-rays, MRIs and EMGs taken of Claimant as well as his own physical examination, Dr. Yarus diagnosed Claimant as having herniated discs at C4–C5 and C6–C7, as well as a fusion from C4–C7. Dr. Yarus opined that Claimant had reached maximum medical improvement, she possessed a whole person impairment rating of 28 percent, would never fully recover from her work injury, and the best course of treatment for her was pain management.

Accepting Dr. Yarus' testimony as credible, the WCJ found that Claimant's work injury was permanent and assigned a 28 percent total impairment rating. The WCJ also found that on April 30, 2005, the parties had entered into an agreement that resolved a disfigurement claim made by Claimant,[1] and that Claimant was to receive 57.5 weeks of specific loss benefits to be paid when she ceased receiving partial disability benefits. The WCJ found that Claimant was entitled to receive ongoing partial disability benefits and that the 57.5 weeks of specific loss benefits was concurrently payable. Employer appealed to the Board. The Board modified the WCJ's

---

1. Claimant claimed that the surgery and resulting scars had disfigured her under Section 306(c)(22) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 513(22).

order such that the date of conversion to partial disability was to be 60 days after the circulation date of his decision, but otherwise affirmed the WCJ's ruling that Claimant was to receive both partial disability benefits and specific loss benefits concurrently. Employer then filed this appeal.[2]

On appeal, Employer maintains that the WCJ erred in requiring the payment of specific loss benefits to run concurrent with the payment of partial disability benefits because both payments arose from the same work injury. Section 306(d) of Act, 77 P.S. § 513, provides:

> Where, at the time of the injury the employe receives other injuries, separate from these which result in permanent injuries enumerated in [Section 306(c)] of this section, the number of weeks for which compensation is specified for the permanent injuries shall begin at the end of the period of temporary total disability which results from the other separate injuries, but in that event the employe shall not receive compensation provided in [Section 306(c)] of this section for the specific healing period.

■ "Under this Section, a claimant can prove that he sustained either a specific loss or disability from each separate injury; however, payment of specific loss benefits does not begin until after his receipt of total disability payments ends." *Coker v. Workers' Compensation Appeal Board (Duquesne Light Company)*, 856 A.2d 257, 261 (Pa.Cmwlth.2004). An exception exists that allows for payment of specific loss benefits, such as disfigurement, if the specific loss was incurred in a separate and distinct injury from the one for which com-

pensation is being paid or suffered injuries to separate and distinct parts of the bodies. *Sharon Steel Corporation v. Workers' Compensation Appeal Board (Frantz)*, 790 A.2d 1084 (Pa.Cmwlth.2002). *See also Faulkner Cadillac v. Workers' Compensation Appeal Board (Tinari)*, 831 A.2d 1248 (Pa.Cmwlth.2003) (Claimant suffered chemical burns on hand in one incident and a concussion in another work incident and was awarded simultaneous benefits for the specific loss to the hands and disability for the concussion); *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Hopiak)*, 127 Pa.Cmwlth.553, 562 A.2d 419 (1989) (Claimant allowed to receive specific loss benefits resulting from one work accident concurrent with disability benefits from a separate work accident).

■ Here, Claimant is seeking specific loss benefits for scarring on her neck which is the direct result of cervical surgery that was necessitated by the work injury for which she is receiving partial disability benefits. The question is whether those injuries are separate and distinct from the original injury such that Claimant could receive benefit payments concurrently.

In *Seekford v. Workers' Compensation Appeal Board (R.P.M. Erectors)*, 909 A.2d 421 (Pa.Cmwlth.2006), a claimant sought specific loss benefits when he lost his arm as a result of a surgical procedure to treat a previous work-related back injury. The claimant attempted to characterize his specific loss as a separate and distinct injury and we rejected his appeal based on statute of limitation issues. In doing so, we stated, "[i]t is well established that where medical treatment for a work injury aggra-

**2.** Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or whether necessary findings of fact were supported by substantial evidence. *Bachman Company v. Workmen's Compensation Appeal Board (Spence)*, 683 A.2d 1305 (Pa.Cmwlth.1996).

vates the existing disability or causes a new or additional injury, the injury is deemed to have been caused by the original work injury." *Id.* at 425–426.

Because Claimant in this case suffered a specific loss resulting from a medical procedure performed to treat her original work-related injury and not a separate and distinct injury, payment of specific loss benefits for that injury may not begin until disability payments are no longer due and owing. Accordingly, the Board erred in affirming the WCJ's decision that Claimant's specific loss benefits were to be paid concurrently with her partial disability benefits, and the order of the Board is reversed.

### *ORDER*

AND NOW, this *5th* day of *May,* 2009, the December 23, 2008 order of the Workers' Compensation Appeal Board at No. A07–1544 is reversed, and Community Service Group is ordered to pay Sandra Peiffer 57.5 weeks of specific loss benefits as agreed in the April 30, 2005 settlement agreement after it has completed paying Sandra Peiffer 500 weeks of partial disability benefits as ordered by the WCJ.